In re Petition for DISCIPLINARY ACTION AGAINST Shana Gail BUCHANAN, a Minnesota Attorney, Registration No. 327311.

No. A12–0163.

Supreme Court of Minnesota.

Sept. 3, 2013.

## ORDER

On January 30, 2012, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Shana Gail Buchanan. Respondent failed to serve or file an answer, and the court deemed the allegations in the petition admitted. *See* Rule 13, Rules on Lawyers Professional Responsibility (RLPR). On September 17, 2012, respondent filed a motion in which she contended that she had a mental illness during the time she was alleged to have committed the misconduct and which prevented her from filing a timely answer to the petition. In support of this motion, Buchanan included copies of medical records indicating that she was suffering from a serious mental illness at the time she was served with the petition.

On October 26, 2012, this court temporarily suspended respondent. We also ordered that the allegations in the petition for disciplinary action would continue to be deemed admitted, but we referred the matter to a referee to make findings, conclusions, and recommendations on the presence of any mitigating factors related to respondent's mental health. The court also authorized the referee to expand the scope of the evidentiary hearing to address whether respondent's mental health status prevented her from assisting in her defense in the disciplinary proceeding or to competently represent clients. *See* Rule 28(a), (c), RLPR.

On March 18, 2013, the referee filed his findings of fact, conclusions, and recommendations. The referee found that respondent has been diagnosed with a serious mental illness for which she is currently receiving medical treatment. The referee also found that, because of this mental illness, respondent is unable to assist in her defense in the disciplinary proceeding. The referee recommended that respondent be transferred to disability inactive status and that the current disciplinary proceeding be stayed.

On April 10, 2013, the court ordered the parties to file memoranda of law showing cause, if there be any, why respondent should not be transferred to disability inactive status. The parties filed memoranda in response to the order to show cause.

Both agree that Buchanan should be transferred to disability inactive status and that the current disciplinary proceedings should be stayed. Buchanan also requests that the court vacate its prior orders deeming the allegations in the petition admitted.

Rule 28(c), RLPR, addresses "[a] lawyer's assertion of disability in defense or mitigation in a disciplinary proceeding." "If a lawyer alleges disability during a disciplinary ... proceeding ... and therefore is unable to assist in the defense," the court may transfer the lawyer to disability inactive status or stay disciplinary proceedings "until it appears the lawyer can assist in the defense." *Id.*

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Shana Gail Buchanan is transferred to disability inactive status under Rule 28, RLPR, effective immediately. While on disability inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law. Respondent shall arrange for notice of her transfer to disability inactive status to be given to any active client, pursuant to Rule 26, RLPR;

2. Respondent's request to vacate the court's prior orders deeming the allegations in the petition for disciplinary action admitted is denied; and

3. The disciplinary proceedings now pending concerning respondent, including respondent's claim that her mental illness mitigated her professional misconduct, are stayed until such time as respondent petitions for reinstatement to the practice of law under Rule 28(d) and 18, RLPR. Upon the filing of a petition for reinstatement, unless ordered by the court, the parties shall first proceed to determine if respondent is fit to practice law and should be reinstated to active status. If respondent is reinstated to active status, the disciplinary proceedings that are stayed by this order shall be completed.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice